FILED
DEC 05 2019 YJ
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **19 CR 912** |
| | ) | |
| v. | ) | Violation: Title 18, United States |
| | ) | Code, Section 1343 |
| WILLIAM DOWNS | ) | |

**JUDGE WOOD**

**MAGISTRATE JUDGE GILBERT**

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Defendant WILLIAM DOWNS was an accountant who owned an accounting business in Skokie, Illinois. From 2012 through August 2019, DOWNS also was the Executive Director of Organization A, a not-for-profit association based in Skokie, Illinois, and from approximately 2001 through August 2019, was Organization A's Accountant.

   b. In defendant DOWNS's capacity as Organization A's Accountant, he was responsible for all of the accounting and financial reporting and bookkeeping functions at Organization A.

   c. Defendant DOWNS also was responsible for preparing and presenting to Organization A's Board of Directors various Organization A financial statements, including balance sheets and investment schedules.

2. Beginning in or around January 2005, and continuing through in or around July 2019, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM DOWNS,

defendant herein, devised and intended to devise a scheme to defraud Organization A, and to obtain money and property owned by and under the custody and control of Organization A, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant DOWNS fraudulently disbursed and caused to be disbursed to himself approximately $300,000 in funds drawn on Organization A's bank account through checks made payable to DOWNS, knowing he was not entitled to those funds.

4. It was further part of the scheme that defendant DOWNS fraudulently altered the financial journals of Organization A by creating false entries of voided checks to conceal his theft.

5. It was further part of the scheme that, to further conceal his theft, defendant DOWNS created false financial records, including balance sheets and investment portfolio documents showing fraudulently inflated and fictitious assets, which DOWNS presented to Organization A's Board of Directors.

6. It was further part of the scheme that defendant DOWNS concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

7. On or about September 23, 2018, at Skokie, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM DOWNS,

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an email from bdowns4@aol.com to [Organization A President]@gmail.com containing false financial records relating to Organization A;

In violation of Title 18, United States Code, Section 1343.

## Forfeiture Allegation

The UNITED STATES ATTORNEY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Information, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds defendant obtained as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes but is not limited to a personal money judgment in the amount of approximately $300,000.

3. If any property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

*[signature]*
UNITED STATES ATTORNEY